Thomas E.L. Dewey (TD-6243)
Stephen M. Kramarsky (SK-6666)
DEWEY PEGNO & KRAMARSKY LLP
220 East 42nd Street
New York, NY 10017
(212) 943-9000
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWTOWN SALES, INC,

Plaintiff,

-against-

SONAX GmbH & CO. KG,

Defendant.

No. 07 Civ. 9226 (NRB)

ECF Case

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PERSONAL JURISDICTION OVER DEFENDANT SONAX**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

FACTUAL SUMMARY .......... 2

ARGUMENT .......... 4

I. SONAX HAS WAIVED ANY OBJECTION TO PERSONAL JURISDICTION BECAUSE IT CONSENTED TO AN ENFORCEABLE FORUM SELECTION CLAUSE .......... 4

A. Sonax Waived Its Objection to Personal Jurisdiction in New York .......... 4

B. The Parties Exclusive Forum Selection Clause is Enforceable .......... 6

II. EVEN IF SONAX HAS NOT WAIVED ITS OBJECTION TO PERSONAL JURISDICTION, THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER SONAX .......... 8

A. Sonax is Amenable to Service of Process Within the State of New York .......... 8

B. Sonax is Subject to Personal Jurisdiction Under New York Law .......... 8

C. Subjecting Sonax to Personal Jurisdiction in New York Does Not Violate its Due Process Rights .......... 10

CONCLUSION .......... 11

# TABLE OF AUTHORITIES

*Cases* *Page(s)*

*Best Van Lines, Inc. v. Walker*,
490 F.3d 239(2d Cir. 2007)....................9

*Credit Suisse Sec. (USA) LLC v. Hilliard*,
469 F. Supp. 2d 103 (S.D.N.Y. 2007)....................1 n.1

*Edmonds v Austad, Co.*,
681 F. Supp. 1074, 1077 (S.D.N.Y. 1988)....................9

*Fischbarg v. Doucet*,
832 N.Y.S.2d 164, 38 A.D.3d 270 (1st Dep't 2007) ....................9, 10

*Kernan v. Kurz-Hastings, Inc.*,
175 F.3d 236 (2d Cir. 1999)....................8, 10

*Northwestern Nat'l Ins. Co. v. Donovan*,
916 F.2d 372 (7th Cir. 1990) ....................1, 4, 7

*Parke-Bernet Galleries, Inc. v. Franklyn*,
26 N.Y.2d 13, 256 N.E.2d 506 (1970)....................9

*Phillips v. Audio Active Limited*,
494 F.3d 378 (2d Cir. 2007)....................6, 7

*The Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972)....................6

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S.286 (1980)....................10

*Other Cases & Authorities*

CPLR §302(a)(1) ....................9

CPLR §302(1)....................8

Federal Rules of Civil Procedure 4(f)(1) ....................8

Plaintiff Newtown Sales, Inc. ("Newtown") respectfully submits this memorandum of law in support of this Court finding personal jurisdiction over Defendant Sonax GmbH & Co. KG ("Sonax").

**PRELIMINARY STATEMENT**

This case arises out Defendant's attempt to terminate a distribution agreement between Plaintiff and Defendant. Defendant has already been temporarily restrained from doing so by a Federal Court in Illinois, and this Court has continued the TRO, but has requested that Plaintiff brief the issue of personal jurisdiction of Defendant. The agreement at issue was drafted in New York by New York lawyers hired by Defendant and contains New York choice of law and exclusive New York venue provisions. Under well-established law, these facts are sufficient to permit this Court to exercise personal jurisdiction over Sonax.[1]

As the Court noted orally when signing the extension to the TRO, if the Court lacks personal jurisdiction, Plaintiff will be faced with a contract that provides an exclusive choice of venue in a Court that has no personal jurisdiction to try the case. Addressing precisely this apparent absurdity, Judge Posner, reversing a district court ruling that had granted a motion to dismiss based on lack of personal jurisdiction notwithstanding the existence of a forum selection clause, found that the intent of the parties must have been to submit to jurisdiction in their chosen forum: "There would be no point to a clause that placed venue in Milwaukee County at Northwestern's option but left defendants free to object that they were outside the court's jurisdiction." *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 377 (7th Cir. 1990) (Posner, J.). Here, the case is even clearer, as the clause at issue was drafted by Defendant's own New York counsel. Further, even if Defendant had not thus submitted to the jurisdiction of this

---

[1] At this stage of the proceedings, plaintiff need only establish a *prima facie* basis for jurisdiction. *Credit Suisse Sec. (USA) LLC v. Hilliard,* 469 F. Supp. 2d 103, 106-07 (S.D.N.Y. 2007).

Court, New York's long-arm statute would provide it: Defendant deliberately hired New York counsel to negotiate and draft an agreement in New York to be enforced under New York law in the New York courts. This more than satisfies the necessary contacts with the State to provide the Court with jurisdiction in this matter.

## FACTUAL SUMMARY

Plaintiff Newtown Sales, Inc. ("Newtown") and Defendant Sonax GmbH & Co. KG ("Sonax") are parties to a Distribution Agreement whereby Sonax granted Newtown the exclusive right to distribute Sonax's products in the United States. *See* Verified Complaint. It is this Distribution Agreement that is the subject matter of this civil action. Sonax drafted the Distribution Agreement, which states in pertinent part:

> Applicable Law
> The existence, validity, construction and operational effect of this Agreement, and the rights and obligations hereunder of each of the parties shall be governed and determined in accordance with the laws of the State of New York, without regard to its provision regarding conflicts of laws, under the exclusion of the Vienna Convention on the International Sales of Goods. *Exclusive venue* over any disputes between the parties shall be in the federal or state courts of New York, which are located in Manhattan, City of New York, County of New York, as applicable.

Verified Complaint, Exhibit A, §V.(c) (emphasis added). Sonax further provided, in the following section:

> Severability
> Any provision of this Agreement which may be prohibited by law or otherwise held invalid shall be ineffective only to the extent of such prohibition or invalidity and shall not invalidate or otherwise render ineffective any of the remaining provisions of this Agreement. Each party also acknowledges that any court of competent jurisdiction within Illinois shall have personal jurisdiction over the parties to this Agreement.

Verified Complaint, Exhibit A, §V.(d). The Distribution Agreement bears the Sonax name and logo in the upper-right hand corner of each page. Sonax included its corporate name and contact information, including address, telephone number, facsimile number, and internet address, at the bottom of each page of the Distribution Agreement. *Id.* Sonax further provided that "any notice or other communication" shall be sent both to Sonax in Germany, and to its New York attorney, Henry Roske, Esq., Bagg, Roske Associates, LLP, The Chrysler Building, 405 Lexington Avenue, 26th Floor, New York, NY 10174. *Id.,* at §V.(a).

On September 10, 2007, Newtown brought this civil action against Sonax in the United States District Court for the Northern District of Illinois. On October 2, 2007, Newtown moved for, and Judge Milton I. Shadur issued, a temporary restraining order against Sonax prohibiting Sonax from terminating the Distribution Agreement or taking any action inconsistent with its obligations under the Distributorship Agreement. Judge Shadur then transferred this case to the United States District Court for the Southern District of New York under 28 U.S.C. §1406, "pursuant to section V(c) of the distribution agreement." *See* Docket Entry dated October 2, 2007.

On October 16, 2007, Newtown sought, and this Court granted, an extension of the Temporary Restraining Order to and including October 29, 2007, and a preliminary injunction hearing, which is set for October 24, 2007, at 11:00 a.m. In granting this Order, the Court directed Newtown to submit a memorandum of law addressing the issue of whether this Court has personal jurisdiction over Sonax.

## ARGUMENT

This Court may exercise jurisdiction over Sonax because it chose New York to be the exclusive forum, and as such, waived any objection to jurisdiction in New York. Moreover, the forum selection clause is enforceable against Sonax. Even if Sonax has not waived its objections to jurisdiction, Sonax is independently subject to the jurisdiction of New York because it engaged counsel in New York and specified that all notices and communications about the Distribution Agreement be directed to its counsel in New York. The parties agreed that this dispute should be governed by New York law. Newtown, the party that initiated this civil action in Illinois, has no objection to jurisdiction and venue in the Southern District of New York. Therefore, this Court has jurisdiction over Sonax.

### I. SONAX HAS WAIVED ANY OBJECTION TO PERSONAL JURISDICTION BECAUSE IT CONSENTED TO AN ENFORCEABLE FORUM SELECTION CLAUSE

#### A. Sonax Waived Its Objection to Personal Jurisdiction in New York

By consenting to the forum selection clause, Sonax has waived its objection to personal jurisdiction in the New York. Sonax drafted the Distribution Agreement and consented to its terms, including that choice of law and exclusive venue would be in New York. Even if Sonax were not independently subject to personal jurisdiction in New York, its consent to the forum selection clause would be sufficient to subject it to New York jurisdiction.

The Seventh Circuit faced this precise issue in *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372 (7th Cir. 1990) (Posner, J.). In that case, the plaintiff brought suit in Federal court in Wisconsin to enforce an indemnification agreement. *Id.* at 373. The agreement provided that "[v]enue, at the Company's option for litigation and/or arbitration, shall be in the County designated on the front page under the description of the Company's address," where Milwaukee

County had been specified. *Id.* at 374. The Texas-based corporate defendant moved to dismiss the claim for lack of personal jurisdiction, and the district court held that the forum-selection clause was not a valid means of obtaining personal jurisdiction over the out-of-state defendants. *Id.* at 375.

In a well reasoned and strongly worded opinion, the Seventh Circuit reversed the district court, finding the forum selection clause enforceable. *Id.* at 378. While conceding that "[t]he clause is certainly not as clear as it could be"—and "should have just said, 'In the event of litigation or arbitration, the undersigned consents to suit, at Northwestern's option, in Milwaukee County'"—the court concluded that the weakly drafted provision at issue must mean just that: "There would be no point to a clause that placed venue in Milwaukee County at Northwestern's option but left the defendants free to object that they were outside the court's jurisdiction." *Id.* at 376-77.

Like *Northwestern*, the present case involves the enforcement of a simply worded forum selection clause that is expressed solely in terms of venue. The provision in each case is part of a relatively brief agreement executed by corporate parties, and provides for venue in a state in which one or both of the parties might not otherwise be subject to personal jurisdiction. The forum selection clause in the Sonax-Newtown agreement, however, provides even stronger grounds for enforcement. Unlike the clause in *Northwestern*, which was exercisable at the plaintiff's option, the clause in the Sonax-Newton contract provides for *exclusive venue* in Manhattan. *See* Verified Complaint, Exhibit A, § V.(c). Moreover, the party seeking to enforce the clause in this case is not its drafter, Sonax, but rather Newtown, an entity created solely to distribute Sonax's products. Here, the drafter seeks to escape this Court's jurisdiction by pointing to its own poor drafting.

The Second Circuit agrees that an exclusive venue provision operates to waive objections to personal jurisdiction. In *Phillips v. Audio Active Limited*, it enforced a forum selection clause providing that "any legal proceedings that may arise out of the [agreement] are to be brought in England" against the American plaintiff, writing that "obligatory *venue* language suffices to give mandatory force to a forum selection clause." 494 F.3d 378, 386-87 (2d Cir. 2007) (emphasis in original). The court expressly distinguished the specification of venue, which creates a mandatory forum selection clause, from the specification of jurisdiction, which can be mandatory or permissive. *Id.* at 388.

**B. The Parties Exclusive Forum Selection Clause is Enforceable**

The Distribution Agreement, drafted by Sonax, includes a forum selection clause that states, "Exclusive venue over any disputes between the parties shall be in the federal or state courts of New York ..." The United States Supreme Court has held that mandatory forum selection clauses "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

The Second Circuit has adopted a four-part inquiry to determine whether a forum selection clause is valid and, therefore, enforceable. *Phillips*, 494 F.3d at 383. First, the Court must determine whether the forum selection clause "was reasonably communicated" to the party resisting enforcement. *Id.* Second, the Court must determine whether the clause is permissive or mandatory. *Id.* Third, the Court must decide "whether the claims and parties involved in the suit are subject to the forum selection clause." *Id.* If these first three inquiries are met, a presumption arises that the forum selection clause is enforceable. *Id.* The fourth step involves

determining whether it would be unjust or unreasonable to enforce the forum selection clause "for such reasons as fraud or overreaching." *Id* at 383-84.

First, Sonax drafted the Distribution Agreement which incorporates the forum selection clause. It was clearly communicated to both parties to the Distribution Agreement. Moreover, it is not clear whether there is a "resisting party" to the forum selection clause in this case. Newtown is not resisting it; Sonax drafted it and would be hard-pressed to resist it now. Second, the forum selection clause is framed in mandatory language—"exclusive"—wherein New York courts in Manhattan were identified as the "exclusive venue" for all disputes. *See id.* at 387 (finding that a forum selection clause with the terms "shall" and "exclusive" was mandatory). Third, the parties and claims are subject to the forum selection clause because the claims raised in this civil action arise from the Distribution Agreement in which the forum selection clause appears. Even if there should arise other claims between these parties, the forum selection clause is clear that it relates to "any disputes between the parties." *See* Verified Complaint, Exhibit A, §V.(c). Therefore, the forum selection clause is presumptively enforceable. *Phillips*, 494 F.3d at 383.

Newtown is not resisting the forum selection clause, and is not aware of any fraud or overreaching which could rebut the presumption of enforceability. *See Northwestern*, 916 F.2d at 377-78 (determining that the parties' forum selection clause was enforceable because the clause was not buried in fine print and defendants knew they were incurring possible liability when they signed the agreement).

## II. EVEN IF SONAX HAS NOT WAIVED ITS OBJECTION TO PERSONAL JURISDICTION, THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER SONAX

This Court has personal jurisdiction over Sonax, a foreign corporation, if Sonax is amenable to service of process within the state of New York and jurisdiction in New York does not overstep the bounds of the Due Process Clause of the Fourteenth Amendment. *Kernan v. Kurz-Hastings, Inc.* 175 F.3d 236, 240 (2d Cir. 1999). Even if, contrary to fact, Sonax had not waived its objection to personal jurisdiction in New York by agreeing to an exclusive venue provision, this Court could independently exercise jurisdiction over Sonax.

### A. <u>Sonax is Amenable to Service of Process Within the State of New York</u>

Rule 4(f)(1) of the Federal Rules of Civil Procedure provides in pertinent part, that service of process is valid "in a place not within any judicial district of the Untied States: (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Sonax is a German manufacturer with its principal place of business in Germany. Germany is a member of the Hague Convention. Thus, Sonax is amenable to service of process within the State of New York.[2]

### B. <u>Sonax is Subject to Personal Jurisdiction Under New York Law</u>

This Court may exercise personal jurisdiction over Sonax because Sonax transacted business within the state of New York, pursuant to CPLR §302(1). Under CPLR §302(1), a non-domiciliary is subject to personal jurisdiction in New York if it "transacts any business within the state or contracts anywhere to supply goods or services in the state." The Second Circuit has

---

[2] Here, the pleadings and related documents have been translated into German, and delivered to the appropriate authorities in Germany for service on Sonax in Germany. In addition, copies of the pleadings and related documents have been served, in both German and English, on Sonax's New York counsel, Mr. Roske. Finally, this Court's October 16, 2007, Order has been served via overnight delivery on Sonax and on Mr. Roske, which mailing constitutes service pursuant to the Order.

declared that CPLR §302(a)(1)'s "'transacting business' language does not require that the business in question be commercial in nature." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 247 n.10 (2d Cir. 2007). Furthermore, one single transaction can be sufficient for a court to have personal jurisdiction over a party. *Id.* at 248 (noting that "proof of one transaction, or a single act, in New York is sufficient to invoke [long-arm] jurisdiction, even though the defendant never enters New York") (internal citations omitted). For instance, the single act of soliciting a lawyer to provide legal advice and representation is considered "transacting business" within that state. *Id.* at 248 (citing *Fischbarg v. Doucet*, 832 N.Y.S.2d 164, 38 A.D.3d 270 (1st Dep't 2007)).

In *Fischbarg*, Doucet, a California resident, retained Fischbarg, a New York attorney, for purposes of providing research and legal advice in relation to potential copyright claims. 832 N.Y.S.2d at 165. Doucet was sued in the state of Oregon by a non-party and Fischbarg represented Doucet. *Id.* at 166. Fischbarg did all of his work for Doucet in his New York office. *Id.* Thereafter, Fischbarg brought suit in New York against Doucet for outstanding legal fees and Doucet moved to dismiss claiming lack of personal jurisdiction. *Id.* The court held that it had personal jurisdiction over Doucet even though she never set foot in New York based on her retention of a New York attorney to defend her in an out-of-state litigation. *Id.* at 167 (citing, *inter alia*, *Pennie & Edmonds v Austad, Co.*, 681 F. Supp. 1074, 1077 (S.D.N.Y. 1988) (holding that use of a New York attorney in preparing for litigation that took place in Maryland conferred personal jurisdiction under New York long-arm statute)). The court pointed out that "one need not be physically present to be subject to the jurisdiction of our courts under [§ 302] for, particularly in this day of instant long-range communications, one can engage in extensive and purposeful activity here without actually setting foot in the State." *Id.* at 168 (citing *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 17, 256 N.E.2d 506 (1970)).

The facts of the present case are similar to those facts stated in *Fischbarg*. Sonax retained Henry Roske, Esq. ("Roske"), a New York attorney, to provide legal advice and representation concerning the Distribution Agreement, which is at the center of the current dispute. Sonax's counsel drafted the Distribution Agreement and Sonax provided in the Distribution Agreement that any and all notices and communications shall be sent to Roske. Sonax designated New York as the governing law and chose New York as the exclusive forum for all disputes. Thus, Sonax is subject to suit under the New York long-arm statute.

### C. **Subjecting Sonax to Personal Jurisdiction in New York Does Not Violate its Due Process Rights**

Sonax's contacts with the New York were such that subjecting Sonax to the jurisdiction of New York courts would not "offend 'traditional notions of fair play and substantial justice.'" *Kernan*, 175 F.3d at 242. A sufficient amount of minimum contacts are necessary to show that a party's "conduct and connection with [New York] are such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Sonax is represented by an attorney in New York, who was designated as an agent for the company in the Distribution Agreement. Sonax explicitly requested that all notices and correspondence be sent to Roske's office in New York. If a party "purposely avails" itself of the services of a New York attorney, such party should anticipate that it would face litigation in New York if a dispute between the parties arose. *See Fischbarg,* 832 N.Y.S.2d at 169 (finding client of New York attorney had sufficient minimum contacts with New York).

More importantly, Sonax must have anticipated litigation, if it arose, to take place in New York. Sonax drafted the Distribution Agreement whereby the parties agreed that exclusive venue shall be in New York. Further, the agreement drafted by Sonax also states that the

applicable law over this matter is New York. It would certainly not offend traditional notions of fair play to subject Sonax to the jurisdiction of New York when Sonax has already agreed to such jurisdiction.

## CONCLUSION

For the foregoing reasons, Newtown respectfully requests that the Court retain jurisdiction over this matter.

Dated: New York, New York
October 22, 2007

DEWEY PEGNO & KRAMARSKY LLP

By /s/Stephen M. Kramarsky
Stephen M. Kramarsky (SK-6666)

220 East 42nd Street
New York, NY 10017

and

Adam Arceneaux *(pro hac vice)*
ICE MILLER LLP
One American Square
Suite 3100
Indianapolis, IN 46282

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEWTOWN SALES, INC,

Plaintiff,

-against-

SONAX GmbH & CO. KG,

Defendant.

No. 07 Civ. 9226 (NRB)

ECF Case

KAMANI SINGH affirms under penalty of perjury that:

1. I am over the age of eighteen years, not a party to this action, and an employee of the firm of Dewey Pegno & Kramarsky LLP, counsel for Plaintiff Newton Sales, Inc.

2. On the 22nd day of October 2007, I caused a copy of the foregoing **Plaintiff's Memorandum of Law in Support of Personal Jurisdiction over Defendant Sonax** to be served by hand on:

Henry Roske, Esq.
Bagg Roske & Associates LLP
500 Fifth Avenue, Suite 4810
New York, NY 10110

Dated: New York, New York
October 22, 2007

s/ Kamani Singh
Kamani Singh